Singh v. Barr

BIA
Poczter, IJ
A208 192 405

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand nineteen.

PRESENT:
ROBERT D. SACK,
CHRISTOPHER F. DRONEY,
RICHARD J. SULLIVAN,
 *Circuit Judges.*

_____

SUKHJINDER SINGH, AKA RAJU THAPA
 *Petitioner,*

v.                                                    17-2914
                                                      NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Keith I. McManus, Assistant Director; Giovanni B. Di Maggio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sukhjinder Singh, a native and citizen of India, seeks review of an August 31, 2017, decision of the BIA affirming a November 15, 2016, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sukhjinder Singh,* No. A208 192 405 (B.I.A. Aug. 31, 2017), *aff'g* No. A208 192 405 (Immig. Ct. N.Y. City Nov. 15, 2016). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Under the circumstances of this case, we have reviewed the IJ's decision without considering the findings of the IJ that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the

2

applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Singh was not credible as to (1) his claim that members of the Akali Dal Badal Party attacked him twice in India on account of his membership in the Shiromani Akali Dal Amritsar Party ("SADA") and (2) his fear of similar harm in the future.

The agency reasonably relied on Singh's inconsistent descriptions of the attack he purportedly suffered in 2014. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In his written statement, Singh asserted that Badal Party members punched, slapped, and kicked him. However, he testified only that he was hit with sticks on the legs without mentioning being hit in any other manner.

The agency also reasonably relied on Singh's omission from his written statement of his later assertion that Badal Party members started threatening him when he joined SADA in 2000 and threatened him several times before attacking him in

3

2014. Although applicants need not list every incident or describe every detail in their application statements, the agency may rely on an omission of facts "that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances." *Hong Fei Gao*, 891 F.3d at 78-79. The agency did not err in relying on Singh's failure to mention that he was threatened several times over a period of fourteen years in his written statement because that statement described at length and in detail his volunteer activities and SADA's social programs, and generally described the Badal Party's intimidation of SADA members during that time yet failed to mention that Singh had been personally threatened. *See id.* at 78-79, 82. Singh could not compellingly explain his inconsistent statements. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An

4

applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably declined to afford weight to affidavits and letters from Singh's relatives and acquaintances because the authors were interested parties or were unavailable for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family did not provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). Further, as the agency noted, the remaining personalized documents did not constitute evidence that Singh suffered or feared harm on account of his political opinion.

Given Singh's inconsistent statements and insufficient corroboration, the agency's adverse credibility determination

is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to Singh's argument, the credibility determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court